UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA
NORTHEASTERN DIVISION

IN THE MATTER OF THE SEARCH OF  )
                                )   CASE NO. 2:07-mj-70
a residence located at          )
                                )
Drayton, ND                     )   MEMORANDUM OPINION

On August 30, 2007 an Immigration and Customs Enforcement (ICE) special agent presented an application for a warrant to search a residence in rural Drayton, North Dakota. The application asserted that evidence of violation of 18 U.S.C. § 2252(a)(4)(B), relating to possession of child pornography, would be found at the residence. For the reasons discussed below, this Court issued the search warrant.

**FACTS**

The ICE special agent's affidavit states that on October 27, 2006, a county law enforcement officer reported to the special agent that a contractor who had been inside the subject residence had observed numerous photographs of nude young males, including nude young males engaged in sexual activity. The contractor described seeing approximately fifteen file boxes, which appeared to contain a large number of photographs, stored in an upstairs bedroom. The contractor also described seeing photographs of nude young males in other locations in the residence, including some photographs that appeared to have been "cut and pasted" together.

1

The affidavit states that the most recent date on which the contractor viewed the images in question was November 20 or 21, 2006.

The affidavit includes no evidence that any person has observed the images in question at the residence any more recently than November 2006. The affidavit includes no other evidence of any kind relating to the residence in question or to the occupant(s) of that residence. Rather, the application relies on "characteristics common to individuals involved in the receipt and collection of child pornography." Affidavit at ¶ 12. The stated common characteristics include maintaining "hard copies" of child pornography in the privacy of the collector's home, retaining images "for many years," and "rarely destroying" correspondence from other collectors.

**DISCUSSION**

In determining whether an application establishes probable cause for issuance of a search warrant, this Court must consider the totality of the circumstances. The application and affidavit must establish a fair probability that evidence of a crime will be found in a particular place. See, e.g., United States v. Chrobak, 289 F.3d 1043, 1046 (8th Cir. 2002). "Probable cause must exist at the time the warrant is issued," United States v. Gettel, 474 F. 3d 1081 (8th Cir. 2007), and "not merely at some earlier time." United States v. LaMorie, 100 F.3d 547, 554 (8th Cir. 1996).

In determining whether evidence in support of a search warrant application is sufficiently recent, a court must consider the totality of the circumstances. "There is no bright-line test for determining when information is stale, and the passage of time, alone, is not always the controlling factor, as other factors, such as the nature of the criminal activity involved and the kind of property subject to the search are also relevant to the inquiry." United States v. Fossum, 2007 WL 2159502 (D. Minn. 2005) (internal citations omitted). The totality of the circumstances includes statements about the tendencies of persons who collect child pornography. Id.

Other courts have recently addressed recency of evidence when child pornography is involved. "[The] vitality of probable cause cannot be quantified by simply counting the number of days between the occurrence of the facts supplied and the issuance of the affidavit," for "[t]ime factors must be examined in the context of a specific case and the nature of the crime under investigation." United States v. Gleich, 397 F.3d 608, 613 (8th Cir.2005), quoting United States v. Koelling, 992 F.2d 817, 822. "[T]he lapse of time is least important . . . when the [evidence of criminal activity] is not likely to be destroyed or dissipated." Gleich at 613, quoting United States v. Horn, 187 F.3d 781, 786 (8th Cir.1999), cert. denied, 529 U.S. 1029 (2000), citing, in turn, Koelling, at 822-23.

3

The district court in Fossum discussed the "apparent unanimity" of the circuit courts concerning tendencies of individuals who collect child pornography:

> In response, the Government argues that the information, which is supplied in [the agent's] Affidavit, was not stale, when viewed in the totality of the information that had been garnered by law enforcement, and urges that [the agent's] averment, which recounts his professional training and experience, persuasively establishes that it is commonplace for persons, who are involved in pornography, to store and preserve images, diaries, or other records, which depict or describe sexually explicit material involving minors, for long periods of time. Given the apparent unanimity of the Circuits, that child pornographers hoard their images of child pornography for lengthy periods of time, [the agent's] prior experience, and his opinions that are predicated on that experience, are commonly held. See, e.g., United States v. Shields, 458 F.3d 269, 279 n. 7 (3rd Cir.2006)("We have noted that collectors of child pornography often store their material and rarely discard it."), citing United States v. Harvey, 2 F.3d 1318, 1322 (3rd Cir.1993); United States v. Irving, 452 F.3d 110, 125 (2nd Cir.2006) ("When a defendant is suspected of possessing child pornography, the staleness determination is unique because it is well known that 'images of child pornography are likely to be hoarded by persons interested in those materials in the privacy of their homes.'"), quoting United States v. Lamb, 945 F.Supp. 441, 460 (N.D.N.Y.1996) (citing cases); United States v. Watzman, 486 F.3d 1004, 1008 (7th Cir.2007) ( "Moreover, we previously have concluded that '[i]nformation a year old is not necessarily stale as a matter of law, especially where child pornography is concerned.")[emphasis in original], quoting United States v. Newsom, 402 F.3d 780, 783 (7th Cir.2005); United States v. Riccardi, 405 F.3d 852, 861 (10th Cir.2005)("This proposition is not novel in either state or federal court: pedophiles, preferential child molesters and child pornography collectors maintain their materials for significant periods of time.").

Fossum at 5. In Chrobak, the court found a period of three months insufficient to invalidate a search warrant as stale, in light of the agent's "professional experience that child pornographers generally retain their pornography for extended periods." Id. at

4

1046. Caselaw establishes that evidence of habits of individuals who collect child pornography is to be given significant weight in determining whether a search warrant seeking evidence of child pornography should be issued.

This Court has identified no cases involving a lapse period as long as the nine months involved here, with a complete absence of any confirming intervening evidence. The evidence of tendencies of child pornographers, however, includes evidence that they tend to keep their pornography collections for "many years," usually in the privacy of their homes. The manner of photograph storage and the number of boxes of photographs described in the affidavit, along with evidence about habits of child pornographers, lead to the conclusion that probable cause for issuance of the warrant continues to exist. This Court therefore granted the application.

Dated this 30th day of August, 2007.

/s/ Alice R. Senechal
Alice R. Senechal
United States Magistrate Judge